**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.D.-1**

**No. 21-0794** (Mineral County 20-JA-21)

## MEMORANDUM DECISION

Petitioner Father A.D.-2, by counsel Jason T. Gain, appeals the Circuit Court of Mineral County's September 9, 2021, order terminating his parental rights to A.D.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee A. Niezgoda, filed a response agreeing with petitioner's argument. The guardian ad litem, Meredith H. Haines, filed a response on behalf of the child also in support of petitioner's argument. On appeal, petitioner argues that the circuit court erred in proceeding to disposition without adjudicating the child as abused or neglected.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court erred in failing to adjudicate petitioner as an abusing parent to A.D.-1. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is therefore appropriate for a memorandum decision vacating the circuit court's order rather than an opinion.

The DHHR filed a child abuse and neglect petition against petitioner and his girlfriend, J.R., in May of 2020, alleging issues of domestic violence and drug abuse. The petition included two children: F.W., J.R.'s daughter from another relationship, and A.D.-1, petitioner's child from another relationship.

The circuit court held an adjudicatory hearing in August of 2020. The DHHR presented the testimony of J.R., whose testimony largely surrounded a specific incident of domestic violence

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because the child and petitioner share the same initials, we will refer to them as A.D.-1 and A.D.-2, respectively, throughout this memorandum decision.

1

that led to the petition's filing. J.R. testified that she and petitioner began arguing in the home and that F.W. was present, although F.W. was later removed by her own father. J.R. spoke about petitioner causing scratches and bruises on her body and breaking through the windshield of her car while she was sitting in the driver's seat. After hearing testimony, the circuit court found that F.W. was abused and neglected by petitioner as a result of being exposed to domestic violence in the home. However, the circuit court did not adjudicate petitioner as an abusing parent with regard to A.D.-1 and made no findings regarding that child.

Subsequently, petitioner was granted a post-adjudicatory improvement period, which he admittedly failed to successfully complete. A dispositional hearing was held in August of 2021, and the circuit court heard evidence that petitioner failed to address his issues with domestic violence, attending only ten out of thirty-two scheduled Battering Intervention and Prevention Program classes. The court further heard evidence regarding petitioner's lack of contact with and support of the child A.D.-1 from the child's mother. Ultimately, the court terminated petitioner's parental rights to A.D.-1, finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. Petitioner appeals the September 9, 2021, dispositional order.[2]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights without adjudicating A.D.-1 as an abused and neglected child. The DHHR and the guardian corroborate petitioner's claims that the circuit court failed to adjudicate him. We likewise agree with petitioner's assignment of error.

We have held that

---

[2]The mother was deemed a nonabusing parent, and the permanency plan for the child is to remain in her mother's care.

"[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009). Upon our review, we find that the circuit court erred in proceeding to termination of petitioner's parental rights without adjudicating him as an abusing parent to A.D.-1.

In regard to adjudication, we have set forth the following:

"In a child abuse and neglect [case], before a court can begin to make any of the dispositional alternatives under W. Va. Code, [49-4-604], it must hold a hearing under W. Va. Code, [49-4-601], and determine 'whether [the] child is abused or neglected.' Such a finding is a prerequisite to further continuation of the case." Syl. Pt. 1, *State v. T.C.*, 172 W.Va. 47, 303 S.E.2d 685 (1983).

Syl. Pt. 3, *In re T.W.*, 230 W. Va. 172, 737 S.E.2d 69 (2012). In this case, the record is clear that the circuit court never adjudicated A.D.-1 as an abused or neglected child and failed to adjudicate petitioner as an abusing or neglectful parent to A.D.-1. As noted above, such a finding is a prerequisite to proceeding to disposition. According to the record, testimony presented in support of petitioner's adjudication completely surrounded domestic violence committed in F.W.'s presence. There was no mention of A.D.-1. The circuit court found that F.W. was abused and neglected by petitioner and adjudicated him as an abusing parent to F.W. However, no testimony was elicited at the adjudicatory hearing regarding petitioner's abuse and/or neglect of A.D.-1, and no findings were made about that child. As such, this constitutes a substantial disregard of the applicable rules and statutes such that vacation of the resulting dispositional order is warranted.

Accordingly, we hereby vacate the circuit court's September 9, 2021, order terminating petitioner's parental rights to A.D.-1. We remand the case to the circuit court with instructions for it to require the DHHR to immediately file an amended abuse and neglect petition alleging any and all claims that it may have against petitioner with regard to A.D.-1. The circuit court shall expeditiously hold an adjudicatory hearing on the newly amended petition and, if petitioner is adjudicated as abusive or neglectful, shall expeditiously hold a disposition hearing. The Clerk is directed to issue the mandate contemporaneously with this memorandum decision.[3]

Vacated and remanded with instructions.

**ISSUED**: May 12, 2022

---

[3]We emphasize that our decision should not be seen as somehow forecasting the outcome of the case.

3

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn